IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE J. ZACHARKIW | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| THE PRUDENTIAL INSURANCE | : | NO.  10-cv-0639 |
| COMPANY OF AMERICA | : | |

MEMORANDUM ORDER

AND NOW, this 5th day of January, 2011, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 14) and Plaintiff's response thereto (Doc. No. 17), it is hereby ORDERED that said motion to dismiss (Doc. No. 14) is GRANTED.  The Clerk of Court is directed to close this matter for statistical purposes.

However, this Court retains limited equitable jurisdiction solely to decide the collateral issue of attorney's fees and costs.  Any motion for fees and costs, e.g., a motion pursuant to 29 U.S.C. § 1132(g)(1), shall be filed on or before January 19, 2012.  Responses to said motion(s), if any, shall be filed on or before February 2, 2012.

I.      Factual Background and Procedural History

This action involves Defendant Prudential Insurance Company of America's ("Prudential" or "Defendant") allegedly improper termination of Plaintiff George J. Zacharkiw's ("Zacharkiw" or "Plaintiff") long-term disability ("LTD") benefits.  Zacharkiw suffers from Relapsing Remitting Multiple Sclerosis ("MS").  (Doc. No. 1 ¶¶ 7-9).  At the time of his MS diagnosis in December of 2003, Zacharkiw worked as an Associate Director for Navigant Consulting ("Navigant").  (Doc. No. 1 ¶¶ 9-11).  As a Navigant employee, Zacharkiw received

disability insurance coverage through a plan sponsored by Navigant and insured by Prudential. (Doc. No. 1 ¶ 12).

According to the complaint, Zacharkiw ceased working on July 23, 2007, due to the progression of his MS. (Doc. No. 1 ¶ 14). Prudential initially approved Zacharkiw's LTD benefits claim, and he began receiving such benefits on January 19, 2008. (Doc. No. 1 ¶ 16). However, Prudential terminated Zacharkiw's LTD benefits effective April 1, 2009, finding that Zacharkiw was no longer "disabled" under the plan's definition. (Doc. No. 1 ¶¶ 23-27; Ex. H). Zacharkiw appealed on June 26, 2009, but Prudential upheld its termination decision on September 25, 2009. (Doc. No. 1 ¶¶ 28-38; Ex. K).

Zacharkiw filed a second appeal with Prudential and subsequently brought this suit, before the second appeal process ran its course. (Doc. No. 9). Zacharkiw's complaint alleges that Prudential violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), by acting in an "arbitrary and capricious manner in terminating [his] long-term disability benefits." (Doc. No. 1 ¶¶ 39-47). On June 1, 2010, several months after Zacharkiw filed suit, the parties jointly petitioned the Court for a stay pending Prudential's decision on Zacharkiw's second appeal, and we granted the stay on June 7, 2010. (Doc. Nos. 9, 10). On September 7, 2010, over one (1) year ago, Prudential reinstated Zacharkiw's LTD benefits. (Doc. Nos. 14, at 3; 17, at 7; 17-1). Additionally, Prudential issued Zacharkiw a check for $121,068.00, apparently as payment for back benefits owed from April of 2009. (Doc. No. 17, at 7 n.3).

Prudential has now moved to dismiss Zacharkiw's complaint under Federal Rule of Civil Procedure 12(b)(1), contending that the case or controversy that once existed has become moot

in light of Prudential's reinstatement of Zacharkiw's LTD benefits. (Doc. No. 14). Zacharkiw opposes dismissal, arguing that the case is not moot because (1) Plaintiff anticipates filing a motion for attorney's fees and costs, and (2) Plaintiff anticipates filing a motion to amend his complaint to state a claim for the wrongful termination of Zacharkiw's group life insurance benefits. (Doc. No. 17). For the reasons discussed below, we dismiss Plaintiff's complaint as moot, but we retain limited equitable jurisdiction to decide the collateral issue of attorney's fees and costs.

II.     Legal Analysis

As a preliminary matter, Plaintiff asserts that we should treat Prudential's Rule 12(b)(1) motion to dismiss as a motion for summary judgment because Prudential has already answered, the pleadings are closed, and Prudential relies on materials outside the scope of the pleadings in its motion. (Doc. No. 17, at 3-4). Plaintiff is mistaken. As Plaintiff correctly points out, "mootness is the essential basis for Defendant's argument that Plaintiff's Complaint should be dismissed." (Doc. No. 17, at 3). Importantly, a court has no subject matter jurisdiction over a controversy that has become moot. See Weiss v. Regal Collections, 385 F.3d 337, 340 (3d Cir. 2004) ("When the issues presented in a case are no longer 'live' or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court no longer has subject matter jurisdiction.") (citation omitted). In other words, a court lacks the jurisdictional authority to adjudicate a now-moot controversy.

Under Third Circuit precedent, factual challenges to subject matter jurisdiction under Rule 12(b)(1), such as Prudential's mootness challenge here, may be raised at any point in the litigation process. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891-92 (3d Cir.

1977) (noting that the "12(b)(1) factual evaluation may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed."); see also Dorsey v. Daub, Civil Action No. 09-CV-3879, 2011 WL 322887, at *2 (E.D. Pa. Feb. 2, 2011) (recognizing that "[u]nder Rule 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction may be raised at any time.") (citation omitted). In fact, "[b]ecause subject matter jurisdiction is central to a court's authority, a court can raise issues of subject matter jurisdiction *sua sponte* at any time." Constitutional Guided Walking Tours, LLC v. Independence Visitor Ctr. Corp., Civil Action No. 09–3083, 2011 WL 1234744, at *3 (E.D. Pa. March 31, 2011).

To answer the subject matter jurisdiction question, a court may consider evidence outside the pleadings, and doing so does not transform the Rule 12(b)(1) inquiry into an issue of summary judgment. See Mortensen, 549 F.2d at 891 ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction...there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."); Dorsey, 2011 WL 322887, at *2 (agreeing that "when a court reviews a complaint under a factual attack, the allegations have no presumptive truthfulness, and the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts.") (citation omitted). Finally, the plaintiff bears the burden of persuading the court that subject matter jurisdiction does, in fact, exist. Mortensen, 549 F.2d at 891; see also Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir.2000) ("The plaintiff has the burden of persuasion to convince the court it has jurisdiction.").

Here, Defendant Prudential undoubtedly relies on facts outside the pleadings to support its mootness motion. Specifically, Prudential avers, and Plaintiff confirms, that Prudential has

reinstated Plaintiff's LTD benefits. (Doc. Nos. 14, at 3; 17, at 7; 17-1). Unsurprisingly, this information does not appear in either Plaintiff's complaint or Defendant's answer because Prudential's reinstatement decision occurred *after* the parties' pleadings. However, as discussed *supra*, Prudential's reliance on such information does not convert Prudential's 12(b)(1) challenge to this Court's subject matter jurisdiction into a summary judgment motion. When it comes to mootness, which is an aspect of subject matter jurisdiction, we have an independent obligation to weigh the evidence and determine whether subsequent events have rendered a once-live controversy moot, thereby depriving us of jurisdiction over the case.[1] See Mortensen, 549 F.2d at 891-92.

Turning now to the substantive mootness inquiry, the "mootness doctrine is centrally concerned with the court's ability to grant effective relief." County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001). Stated differently, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Id. (citation omitted). In broad terms, a defendant's action that "accords all the relief demanded by the plaintiff" moots the controversy. See 13B Charles Alan Wright et al., Fed. Prac. & Proc. Juris. § 3533.2 (3d ed. 2011). This rule makes good practical sense because "[s]o long as nothing further would be ordered by the court, there is no point in proceeding to decide the merits." Id.

---

[1] Even if we were to treat Defendant's Rule 12(b)(1) motion as a summary judgment motion, our ultimate conclusion, i.e., that this matter is now moot, would remain the same. No genuine dispute exists regarding any fact material to the mootness inquiry. In particular, both parties agree that Prudential has now reinstated Plaintiff's LTD benefits, retroactive to the point in time that Prudential first cut-off Plaintiff's benefits. (See Doc. Nos. 14, at 3; 17, at 7; 17-1).

More specific to this ERISA case, a defendant's reinstatement of a plaintiff's benefits renders moot a complaint seeking such benefits.  See Weiss v. First Unum Life Ins. Co., Civ. No. 02-4249, 2009 WL 1559798, at *1 (D.N.J. June 2, 2009) (acknowledging that reinstatement and continued payment of plaintiff's LTD benefits moots plaintiff's claim that defendant wrongfully denied plaintiff's benefits in violation of ERISA); Lemons v. Reliance Standard Life Ins. Co., Civil Action No. 05–2378, 2011 WL 4017988, at *4 (E.D. Pa. Sept. 9, 2011) (finding case moot because defendant reinstated plaintiff's LTD benefits, which was " the exact relief Plaintiff sought in his Complaint."); Tannenbaum v. Unum Life Ins. Co. of Am., Civil Action No. 03-1410, 2010 WL 2649875, at *7 (E.D. Pa. June 30, 2010) (dismissing as moot plaintiff's § 1132(a)(1)(B) claim because defendant paid, and continued to pay, benefits due to plaintiff under the plans); Hewel v. Long Term Disability Income Plan for Choices Eligible Emps. of Johnson & Johnson, Civil No. 09-5343, 2010 WL 2710582, at *1-2 (D.N.J. July 7, 2010) (dismissing ERISA complaint as moot due to the restoration of plaintiff's benefits); Templin v. Independence Blue Cross, Civil Action No. 09–4092, 2011 WL 3664427, at *2 (E.D. Pa. Aug. 19, 2011) (dismissing complaint as moot with respect to a particular defendant, reasoning that "approval and payment of the disputed [insurance] claims rendered the entire case moot.").

Here, the parties do not dispute that Defendant Prudential reinstated Plaintiff's LTD benefits on September 7, 2010, following an internal review of Plaintiff's claim.  (See Doc. Nos. 14, at 3; 17, at 7; 17-1).  In addition, Prudential paid Plaintiff approximately $121,000, apparently for back LTD benefits retroactive to the initial termination of Plaintiff's benefits in April of 2009.  (Doc. No. 17, at 7 n.3).  This tracks the relief Plaintiff sought in his complaint.  (See Doc. No. 1, at 9).  As such, there is no live case or controversy between Plaintiff and

Defendant in this matter, and the case is moot. In drawing this conclusion, we agree with the many courts before us, see *supra*, at 6, that reinstatement of an individual's benefits moots an ERISA claim seeking those benefits.

Plaintiff argues that his complaint is not moot because he may still file a motion for attorney's fees and costs pursuant to Hardt v. Reliance Standard Life Ins. Co., 130 S. Ct. 2149 (2010). However, it is well-settled that an outstanding issue regarding attorney's fees and costs cannot breathe life into an otherwise moot complaint. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 480 (1990) (declaring that an "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim" and that "reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary judicial pronouncements on even constitutional issues obtained, solely in order to obtain reimbursement of sunk costs."); Ivy Club v. Edwards, 943 F.2d 270, 276 (3d Cir. 1991) (holding that "an interest in attorneys' fees does not save a matter from mootness.") (citations omitted); Cornucopia Inst. v. U.S. Dep't of Agriculture, 560 F.3d 673, 676 (7th Cir. 2009) (recognizing that "a claim for attorneys' fees is separate from the merits of the action" and so cannot save a claim from becoming moot); Demis v. Sniezek, 558 F.3d 508, 513 (6th Cir. 2009) (noting that request for attorney's fees cannot save a petition from being dismissed as moot); Johansen v. United States, 506 F.3d 65, 70 (1st Cir. 2007) ("[L]itigant's interest in a possible award of attorney's fees is not enough to create a justiciable case or controversy if none exists on the merits of the underlying claim.") (citation omitted); Lamar Advertising of Penn, LLC v. Town of Orchard Park, 356 F.3d 365, 378-79 (2d Cir. 2004) ("[P]otential receipt of attorneys' fees...is in itself not enough to keep the controversy alive.") (citation omitted); Liu v. I.N.S., 274

F.3d 533, 536 (D.C. Cir. 2001) (claim for attorney's fees cannot save claim from mootness); Flesch v. E. Pa. Psychiatric Inst., 472 F. Supp. 798, 802 (E.D. Pa. 1979) (holding that "[a] litigant's desire to obtain a fee award at the conclusion of a case cannot keep the case in federal court after it has become moot in all other respects" because "[a]ny other rule would largely nullify the mootness doctrine with respect to cases brought under the myriad federal statutes that authorize fee awards."). Here, Plaintiff's substantive ERISA claim is moot for the reasons discussed *supra*. A forthcoming motion for attorney's fees does not keep the controversy alive.

However, despite our dismissal of the underlying action as moot, we retain jurisdiction exclusively for the narrow purpose of adjudicating the collateral issue of attorney's fees and costs. In Zucker v. Occidental Petroleum Corp., the Ninth Circuit held that "[n]o Article III case or controversy is needed with regard to attorneys' fees as such, because they are but an ancillary matter over which the district court retains equitable jurisdiction even when the underlying case is moot." Zucker, 192 F.3d 1323, 1329 (9th Cir. 1999) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96 (1990)). Although the Third Circuit has not spoken as explicitly on the propriety of a district court entertaining a motion for attorney's fees after the substantive controversy has become moot, the court has noted that "that an award of attorney's fees with respect to the trial phases of a case is not precluded when a case becomes moot during the pendency of an appeal." Nationalist Movement, 273 F.3d at 534. Additionally, in our circuit a "district court retains jurisdiction to decide 'collateral' issues-such as sanctions, costs, and attorneys' fees-after a plaintiff dismisses an action by notice." In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 166 n.8 (3d Cir. 2008) (also citing Cooter & Gell, 496 U.S. at 396-98).

Since a district court may exercise jurisdiction over attorney's fees and costs after a controversy becomes moot on appeal, Nationalist Movement, 273 F.3d at 534, and after a plaintiff voluntarily dismisses an action, In re Bath & Kitchen Fixtures, 535 F.3d at 166 n.8, we see no impediment to adjudicating fees and costs here, i.e., after we have dismissed plaintiff's complaint as moot.  Further, we believe this practice best comports with the Supreme Court's recent pronouncement in Hardt that a court may award fees and costs in an ERISA action "as long as the fee claimant has achieved 'some degree of success on the merits.'"  Hardt, 130 S. Ct. at 2152.  In other words, one may seek fees and costs in an ERISA action without achieving "prevailing party" status.  Id.  If those who moot an ERISA case never bear the risk of paying the allegedly aggrieved party's attorney's fees, those in the insurance industry may be tempted to wrongfully deny claims for benefits and then reinstate benefits (thereby mooting the case) only for those claimants who mount a vigorous challenge to the termination decision.[2]  The specter of fee shifting may discourage this undesirable strategic behavior.  As interpreted by Hardt, *supra*, ERISA's fee shifting provision, 29 U.S.C. § 1132(g)(1), affords district courts quite a bit of flexibility with respect to awarding fees and costs.  As a practical matter, this flexible fee shifting regime would mean little if a defendant could always avoid paying fees simply by mooting the underlying action.

Finally, we briefly address Plaintiff's argument that his complaint is not moot because he may file a motion to amend the complaint to add a claim for waiver of premium ("WOP") benefits.  Initially, we note that Plaintiff concedes that his original complaint does not include a

---

[2]To be clear, we express *no opinion* as to whether Prudential wrongfully terminated Zacharkiw's LTD benefits in this case.  We speak only in terms of the general incentives facing the insurance industry.

WOP benefits claim. (Doc. No. 17, at 8 (WOP benefit issue is "admittedly not part of Plaintiff's original Complaint.")). Instead, Plaintiff's complaint focuses exclusively on LTD benefits. As detailed *supra*, the complaint is moot, and we must dismiss the case regardless of Plaintiff's apparent intention to amend his complaint to add a "live" claim. See Fox v. Board of Trustees of S.U.N.Y., 42 F.3d 135, 144 (2d Cir. 1994) (plaintiff cannot avoid dismissal of moot case by proposing to amend complaint) (citation omitted).

III.    Conclusion

For the aforementioned reasons, Defendant's motion to dismiss (Doc. No. 14) is GRANTED because the substantive controversy set forth in Plaintiff's complaint is moot. The Clerk of Court is directed to close this matter for statistical purposes.

However, we retain limited equitable jurisdiction solely to decide the collateral issue of attorney's fees and costs. Any motion for fees and costs, e.g., a motion pursuant to 29 U.S.C. § 1132(g)(1), shall be filed on or before January 19, 2012. Responses to said motion(s), if any, shall be filed on or before February 2, 2012.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.